**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**BILLINGS DIVISION**

| | |
|---|---|
| ROCKY MOUNTAIN PSI, LLC, and SAGE ENVIRONMENTAL CONSULTING, LP, | CV 13-23-BLG-CSO |
| Plaintiffs/Counter-Defendants, | **ORDER ON DEFENDANT'S MOTION IN LIMINE** |
| vs. | |
| THOMAS M. THAYER, | |
| Defendant/Counter-Claimant. | |

Plaintiffs Rocky Mountain PSI, LLC ("RMPSI") and Sage Environmental Consulting, LP ("Sage") bring this action against Defendant Thomas M. Thayer ("Thayer"). Now pending is Thayer's motion in limine to exclude or limit the opinions and testimony of Plaintiffs' damages expert Aaron Beckman. *ECF 58*. The motion will be denied for the following reasons.

## I. BACKGROUND

The action arises out of a March 2008 Asset Purchase Agreement ("APA") between Thayer and Plant Services Incorporated ("PSI") as sellers and RMPSI as purchaser. Thayer started PSI, an environmental consulting and refinery services company, in 2003.

Prior to executing the APA, Sage created RMPSI specifically to purchase certain assets of PSI. Sage is party to the APA as guarantor of RMPSI's obligations. Also in March 2008, RMPSI and Thayer entered into an employment contract and a non-competition agreement. The parties accuse each other of not performing as required.

Thayer's pending motion in limine challenges the admissibility of Plaintiffs' expert, Aaron Beckman. According to Beckman's resume, he has a Bachelor of Science degree and a Master of Science degree, both in Agricultural Economics. *ECF 59-1 at 9.* He has 23 years of lending experience at banks and credit services companies. He also has worked for both Sage and RMPSI. In 2001–2002, he was Chief Financial Officer of Sage Environmental Consulting in Dallas, Texas. From December 2009 to July 2012, the was Chief Financial Officer of RMPSI. And from February 2013 to the present, he has been Chief Operating Officer at "Sage Environmental Consulting and Family of Companies" in Austin, Texas. *Id. at 6-8.*

Thayer seeks to prevent Beckman from testifying on either damages or liability. Thayer argues that Beckman erroneously uses Plaintiffs' debt as an estimation of damages and that Beckman may not offer his opinions on liability because he has no experience in the

construction industry. Plaintiffs respond that Beckman's testimony is proper and relevant both to Plaintiffs' damages and to Thayer's liability.

The Court notes that Beckman's expert report offers not only expert opinions but also fact testimony based on his employment experiences with the plaintiff companies. For example, in the "Expense Review" portion of his report, he states:

> Of special note, Mr. Thayer's projected labor costs as a percent of total revenue are only nominally lower as compared to RMPSI's historical average. *Mr. Thayer previously would argue (in discussions with myself and Steve Probst) that RMPSI could not be profitable due to inflated personnel and labor costs under RMPSI's operating model.* Based on his own forecasting, he assumes total labor costs as a percent of sales to be less that 3.0% less than what historically was experienced by RMPSI. This is only a nominal difference *which suggests he didn't agree with his own assessments made in the past as President of RMPSI.*

*Id. at 59-1 at 11 (emphasis added).*

## II. <u>LEGAL STANDARD</u>

Motions in limine are procedural devices to obtain pretrial rulings on the admissibility of evidence. Judges have broad discretion when ruling on motions in limine but a motion in limine should not be used to resolve factual disputes or weigh evidence. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *C & E Services, Inc., v.*

*Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D. D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *Indiana Ins. Co. v. General Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004); *Kiswani v. Phoenix Sec. Agency, Inc.*, 247 F.R.D. 554, 557 (N.D. Ill. 2008); *Wilkins v. K-Mart Corp.*, 487 F. Supp. 2d 1216, 1218-19 (D. Kan. 2007). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins*, 487 F. Supp. 2d at 1219.

Also, it is settled that rulings on motions in limine are provisional. Such "rulings are not binding on the trial judge [who] may always change [her] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce v. United States*, 469 U.S. 38, 41 (1984). Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court

is unable to determine whether the evidence in question should be excluded. *Indiana Ins. Co.*, 326 F. Supp. 2d at 846.

## III. <u>DISCUSSION</u>

### A. <u>Beckman's Opinions on Damages</u>

Thayer argues that Beckman's opinions are flawed and unreliable because: (1) he fails to account for all relevant factors and "fails to make any connection whatsoever to the alleged wrongful conduct of Thayer," *ECF 59* at 9–10; (2) his calculation of RMPSI's total debt is results oriented, *id.* at 10; (3) his report looks to sales projections rather than actual revenue and fails to properly evaluate debt incurred by RMPSI, *id.* at 10–11; and (4) his analysis looks to total debt, which is not recoverable under any of the Plaintiffs' claims. *Id.* at 12–14.

Plaintiffs respond that Beckman's opinions are admissible extrapolations from existing data and are relevant to Plaintiffs' damages and liability. *ECF 70* at 1, 8. Plaintiffs argue that Beckman's testimony is relevant because: (1) the debt RMPSI incurred to buy Thayer's business and sustain it through five years of losses is a valid method of measuring the actual loss caused by Thayer's breaches, *id.* at 12–13; (2) Beckman's comparison of sales before and after the business was owned by RMPSI can quantify the damages caused by Thayer from

failing to give his full efforts and undermining customer and employee relationships, *id.* at 13–14; and (3) Beckman is familiar with the value of the equipment at issue and can address RMPSI's damages for conversion and unjust enrichment. *Id.* at 14–15.

Federal Rule of Evidence 702 governs the admissibility of expert opinion testimony. It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Plaintiffs bear the burden of establishing that Beckman's testimony is admissible. *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

Although Rule 702 should be applied with a "liberal thrust" favoring admission, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 588 (1993), it requires that expert testimony be both relevant and

reliable. *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (citations omitted). The trial court acts as a gatekeeper by excluding evidence that does not meet standards of reliability and relevance. *Id.* at 1197. The trial court has broad discretion respecting admission of expert testimony, and also retains "the same kind of latitude in deciding *how* to test an expert's reliability." *United States v. Hankey*, 203 F.3d 1160, 1168 (9th Cir. 2000) (emphasis in original) (*citing Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 151 (1999)).

Beckman uses financial records to identify patterns and provide analysis on losses incurred by RMPSI. Beckman does this by discussing inconsistencies between Thayer's pro forma and historical operating costs. *ECF 70* at 8–9; *ECF 59-1* at 10–17. Though Thayer lists the factors that he argues Beckman failed to consider, a reliability determination is not based on "the correctness of the expert's conclusions but the soundness of his methodology." *Primiano v. Cook*, 598 F.3d 558, 564–565 (9th Cir. 2010), *as amended* (Apr. 27, 2010) (internal citation omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 564.

In his report, Beckman calculates damages by adding the debt

RMPSI incurred when it bought the business and the losses under Thayer's management. *ECF 70* at 8–9. While Thayer argues total debt is not a proper measure of damages, the Plaintiffs argue this is not only one way of measuring damages, but that it is relevant to the question whether Thayer was living up to his employment contract. *Id.* It appears that Beckman's analysis is based largely on his experience and knowledge, and is potentially relevant not only the conduct of Thayer, but also to the calculation of potential damages.

Finally, Beckman's opinion may not be excluded in its entirety simply because he used a different method or considered different factors than Thayer's expert. It is not uncommon for opposing experts to reach different conclusions, using different methodologies. It is for the jury to assess which is the more reliable and helpful. *See Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1196 (9th Cir. 2005) (quoting Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence § 702.05[3]* (2d ed., 2004)). Beckman's opinions cannot be entirely excluded. They are more properly challenged by cross examination and contrary evidence, not exclusion.

The Court is not here holding that all of Beckman's testimony is admissible but only that the Court cannot, absent the context of a trial,

parse out what may be admissible and what not admissible. Thayer

may object at trial to any testimony of Beckman that he believes is not

admissible.

**B.    Beckman's Opinions on Liability**

Thayer argues that Beckman impermissibly opines on the issue of

ultimate liability. *ECF 59* at 14. He further argues that even if

Beckman's opinions on liability are admissible, they are conclusory and

unsupported. *Id.* at 15.

Plaintiffs respond that Beckman's testimony is permissible

because he will "address factual issues concerning accounting and the

operations of RMPSI that are outside the ken of those lacking his

background and experience." *ECF 70* at 17. They argue this is

permissible because an expert's opinion may embrace an ultimate issue

as long as it is a factual one. *Id.*

Although an expert witness may express an opinion with respect

to an ultimate issue to be decided by the trier of fact under Fed. R.

Evid. 704(a), the expert may not "give an opinion as to her legal

conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v.*

*Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004)

(citation, quotation, and emphasis omitted). The tasks of resolving

questions of law and "instructing the jury as to the applicable law '[are]

the distinct and exclusive province[s]' of the court." *Id.* at 1016

(quoting *U.S. v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)).

The line between a permissible opinion on an ultimate issue and

an impermissible legal conclusion is not always easy to discern,

particularly without the context of a trial. In *United States v. McIver*,

the Fourth Circuit identified improper legal conclusions by determining

whether the terms used by the witness have distinct and specialized

meaning in the law, citing cases that found testimony on "extortion,"

"deadly force," and "unreasonably dangerous" inadmissible. *United*

*States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006) (citations omitted).

Similarly, the court in *Nationwide Transport Finance v. Cass*

*Information Systems, Inc.,* 523 F.3d 1051, 1059-60 (9th Cir. 2008),

concluded that a witness may not explain how conduct violated a

statute (the UCC) because such testimony "would, in effect, instruct the

jury regarding how it should decide the key question whether [the

defendant] violated a statute and thus acted improperly...." *Id. See*

*also United States v. Williams*, 343 F.3d 423, 435 (5th Cir. 2013)

(holding that a witness may not give testimony about "reasonableness"

of a shooting because that is a legal conclusion).

Beckman will not be permitted to give legal conclusions that improperly invade the province of the Court or the jury. But it is unclear what questions Beckman will be asked and what opinions he will be asked to offer at trial. With the proper foundation, Beckman may testify to relevant issues of fact, but not to conclusions of law. *See Hangarter*, 372 F.3d at 1016 (allowing testimony regarding industry conditions, standards, and practices because it did not reach a legal conclusion). Thus, the Court will deny the motion, permitting objections to be made at trial.

## C.  Beckman's Opinions on the Construction Industry

Thayer argues Beckman is not qualified as an expert in the construction industry and that his opinions regarding the construction industry are not relevant to a calculation of damages. *ECF 59* at 16–17.

Plaintiffs respond that Beckman is qualified and his opinions are reliable because of his unique background as CFO of RMPSI as well as his experience vetting business loans. *ECF 70* at 15–16.

An expert witness may rely solely on experience. *Kumho Tire Co., Ltd.*, 526 U.S. at 149 ("no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience"); *see* Fed. R. Evid. 702 Advisory Committee Notes (2000

Amend.).  But Beckman has never worked in the construction industry. To meet the reliability threshold under Fed. R. Evid. 702, an expert's testimony must have "a reliable basis in the knowledge and experience of the relevant discipline." *Messick,* 747 F.3d at 1197 (quoting *Kumho Tire Co., Ltd.*, 526 U.S. at 149).

Beckman appears to offer expert testimony on the construction industry.  For example, he states:

> As identified by Ms. Black, Tom Thayer started two businesses within one year after selling Plant Services, Inc. to Rocky Mountain PSI, LLC. Post Frame Specialists was formed in February, 2009. It is my understanding that the nature of this business is primarily construction of pole barns. Based on my experience with multiple construction companies during my tenure as a Commercial Loan Officer, such businesses require a significant amount of time to manage and develop sales, especially during a start-up phase.

*ECF 59-1* at 90.  In addition to discussing the time commitments needed to start such a business, he explains that "[i]t is a common practice for many small business owners to pay themselves a lower salary to retain working capital in the business anticipating a higher return in futures [sic] years as their business grows." *Id.*

Plaintiffs argue that as CFO of RMPSI, Beckman worked closely with Thayer and understands his business practices.  *ECF 70* at 16.

Beckman has an extensive financial background and, with proper foundation, may be qualified provide an some opinions about certain business aspects of a construction business. But he certainly is not qualified as a construction expert. Thus, because the ruling on admissibility depends upon the foundation laid at trial and the form of the questions asked, the Court will deny Thayer's motion to the extent it seeks to exclude all of Beckman's opinions related to the construction industry, but permit any objections of this nature to be made at the trial.

## IV.   CONCLUSION

Based on the foregoing, **IT IS ORDERED** that Thayer's motion in limine (*ECF 58*) is **DENIED**.

DATED this 9th day of April, 2015.

*/s/ **Carolyn S. Ostby***
United States Magistrate Judge